# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ELLEN WILLIAMSON**  **CIVIL ACTION**

**VERSUS**  **NO. 16-118-SDD-EWD**

**ARAMARK SCHOOLS
FACILITIES, LLC ET AL.**

## ORDER

Before the Court is East Baton Rouge Parish School Board's Motion for Leave to File Complaint of Intervention.[1] On January 19, 2016, plaintiff Ellen Williamson filed a Petition for Damages in state court against Aramark Schools Facilities, LLC and Bridget Jones seeking damages for an alleged slip-and-fall.[2] On February 24, 2016, Aramark Management Services, LP, alleging that it was erroneously named Aramark Schools Facilities, LLC in the Petition, removed the matter to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3]

In the proposed Complaint of Intervention, East Baton Rouge Parish School Board ("EBRPSB") makes the following allegations regarding the citizenship of the parties:

1.

The East Baton Rouge Parish School Board is a political subdivision of the State of Louisiana.

2.

Made defendants-in-intervention herein are as follows:
1. **ELLEN WILLIAMSON**, a person of the full age of majority and a resident of the Parish of East Baton Rouge, State of Louisiana;
2. **ARAMARK SCHOOLS FACILITIES, LLC**, a foreign limited liability company, authorized to do and doing business in the State of Louisiana;

---

[1] R. Doc. 45.
[2] R. Doc. 1-1 at pp. 4-7.
[3] R. Doc. 1 at p. 1.

> 3. **ARAMARK MANAGEMENT SERVICES, LP**, a Delaware limited partnership of which general partner is **ARAMARK SMMS, LLC**, a Delaware limited liability company with its principal place of business in Pennsylvania and the sole limited partner, **ARAMARK SERVICES, INC**., a Delaware corporation with its principal place of business in Pennsylvania; all of which are authorized to do and doing business in the State of Louisiana (hereinafter "**ARAMARK**");
> 4. **SOJI SERVICES, INC. D/B/A METROCLEAN**, A Texas corporation with its principal place of business in Texas; and
> 5. **BRIDGET JONES**, a person of full age of majority who is believed to be domiciled in the Parish of East Baton Rouge, State of Louisiana.[4]

Proper information regarding citizenship of all parties is necessary to determine whether EBRPSB's intervention will destroy the Court's subject matter jurisdiction under 28 U.S.C. § 1332. In the proposed Complaint of Intervention, citizenship has not been adequately alleged. While the citizenship of Soji Services, Inc. d/b/a Metroclean and Bridget Jones has been adequately alleged,[5] citizenship has not been properly alleged with respect to the remaining parties in this litigation. As an initial matter, there is no allegation as to EBRPSB's citizenship or whether it seeks leave to intervene as a plaintiff or a defendant in this matter. With respect to plaintiff Ellen Williamson, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).

---

[4] R. Doc. 45-1 at ¶¶ 1-2.
[5] With respect to Soji Services, Inc. d/b/a Metroclean, the Fifth Circuit has held that for purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c). With respect to Bridget Jones, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).

Further, with respect to Aramark Schools Facilities, LLC, the Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

The proposed Complaint of Intervention also fails to properly allege the citizenship of Aramark Management Services, LP. "The citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1079 (5th Cir. 2008). "Both the general partners and limited partners must be alleged to establish citizenship of a limited partnership." *Rios v. Mall of Louisiana*, 2014 WL 1239093, at *1 (M.D. La. Mar. 25, 2014); *See, International Paper Co. v. Denkmann Assoc*., 116 F.3d 134, 137 (5th Cir. 1997)).

Accordingly,

**IT IS HEREBY ORDERED** that EBRPSB shall have seven (7) days from the date of this Order to file a Motion to Substitute the proposed East Baton Rouge Parish School Board's Complaint of Intervention[6] with a proposed pleading that is a comprehensive complaint of

---

[6] R. Doc. 45-1.

intervention that includes all of EBRPSB's numbered allegations, as revised, supplemented, and/or amended, and adequately alleges the citizenship of all parties, which will become the operative complaint of intervention in this matter. EBRPSB shall also specify whether it is seeking leave to intervene as a plaintiff or a defendant in this matter.

Signed in Baton Rouge, Louisiana, on September 5, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**