# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ELLEN WILLIAMSON**                                          **CIVIL ACTION**

**VERSUS**                                                    **NO. 16-118-SDD-EWD**

**ARAMARK SCHOOLS
FACILITIES, LLC ET AL.**

## ORDER

Before the Court is East Baton Rouge Parish School Board's Motion to Substitute Complaint of Intervention (the "Motion").[1] On July 7, 2017, East Baton Rouge Parish School Board ("EBRPSB") filed a Motion for Leave to File Complaint of Intervention.[2] On September 5, 2017, the undersigned issued an Order[3] requiring EBRPSB to file a motion to substitute the proposed Complaint of Intervention[4] with a comprehensive complaint of intervention that adequately alleges the citizenship of all parties.[5]

On September 12, 2017, EBRPSB filed the instant Motion with a proposed Complaint of Intervention that contains the following allegations regarding the citizenship of the parties:

> 1.
> The School Board is a political subdivision of the State of Louisiana and domiciled in Louisiana.
> 2.
> School Board seeks leave to intervene as a plaintiff in this matter.
> 3.
> Made defendants-in-intervention herein are as follows:
>
> 1. **ELLEN WILLIAMSON**, a person of the full age of majority and domiciled in Parish of East Baton Rouge, State of Louisiana;

---

[1] R. Doc. 49.
[2] R. Doc. 45.
[3] R. Doc. 48.
[4] R. Doc. 45-1.
[5] Proper allegations regarding the citizenship of the parties is necessary where, as here, the case was removed from state court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). *See*, R. Doc. 1.

2. **ARAMARK SCHOOLS FACILITIES, LIMITED LIABILITY COMPANY**, a Delaware limited liability company, doing business in the State of Louisiana, having reinstated its corporate capacity on August 28, 2017, following revocation on March 15, 2017, and MetroClean is a "d/b/a" of Aramark Schools Facilities, LLC;

3. **ARAMARK MANAGEMENT SERVICES, LIMITED PARTNERSHIP**, is a limited partnership organized under the law of the state of Delaware, if [sic] which the general partner is Aramark SMMS LLC, a limited liability company organized under the laws of the state of Delaware with its principal place of business in Pennsylvania, and the sole limited partner is Aramark Services, Inc., a corporation organized under the laws of the state of Delaware with its principal place of business in Pennsylvania, and doing business
in the State of Louisiana despite its failure to file its Annual Report in February of 2017 (and changing its principal business office address to "Delaware, PA" with no specific address on October 18, 2015).

4. **ARAMARK SERVICES, INC.**, is a corporation organized under the laws of the state of Delaware with its principal place of business in Pennsylvania, with a principal business establishment address in East Baton Rouge Parish, Louisiana, and doing business in the State of Louisiana despite the entity's inactive status with the Louisiana Secretary of State since May of 2017 for failure to file its Annual Report.

5. **SOJI SERVICES, INC. D/B/A METROCLEAN**, a Texas corporation with its principal place of business in Texas; and

6. **BRIDGET JONES**, a person of full age of majority who is believed to be domiciled in the Parish of East Baton Rouge, State of Louisiana.[6]

Proper information regarding citizenship of all parties is necessary to determine whether EBRPSB's intervention will destroy the Court's subject matter jurisdiction under 28 U.S.C. § 1332. In the proposed Complaint of Intervention, citizenship has not been adequately alleged. While the citizenship of Ellen Williamson, Bridget Jones, Aramark Services, Inc. and Soji

---

[6] R. Doc. 49-1 at ¶¶ 1-3.

Services, Inc. d/b/a Metroclean has been adequately alleged,[7] citizenship has not been properly alleged with respect to Aramark Schools Facilities, LLC and Aramark Management Services, L.P.

As stated in the September 5, 2017 Order,[8] with respect to Aramark Schools Facilities, LLC, the Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted). In the instant case, the proposed Complaint of Intervention fails to allege the citizenship of any member of Aramark Schools Facilities, LLC.

Further, with respect to Aramark Management Services, LP, the Fifth Circuit has held that, "The citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). "Both the general partners

---

[7] With respect to Ellen Williamson and Bridget Jones, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to Aramark Services, Inc. and Soji Services, Inc. d/b/a Metroclean, the Fifth Circuit has held that for purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).
[8] R. Doc. 48.

and limited partners must be alleged to establish citizenship of a limited partnership." *Rios v. Mall of Louisiana*, 2014 WL 1239093, at *1 (M.D. La. Mar. 25, 2014); *See, International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)). Although the proposed Complaint of Intervention states that Aramark SMMS LLC is the general partner of Aramark Management Services, LP, the proposed Complaint of Intervention fails to specify whether Aramark SMMS LLC is the *sole* general partner of Aramark Management Services, LP. The proposed Complaint of Intervention also fails to properly allege the citizenship of Aramark SMMS LLC. *See*, *Harvey*, 542 F.3d at 1080 (discussed above).

Accordingly,

**IT IS HEREBY ORDERED** that East Baton Rouge Parish School Board's Motion to Substitute Complaint of Intervention[9] is **DENIED without prejudice** to re-filing a motion to substitute the proposed Complaint of Intervention[10] with a proposed pleading that is a comprehensive complaint of intervention that includes all of East Baton Rouge Parish School Board's numbered allegations, as revised, supplemented, and/or amended, and adequately alleges the citizenship of all parties, which will become the operative complaint of intervention in this matter. East Baton Rouge Parish School Board shall have seven (7) days from the date of this Order to file the motion to substitute.

Signed in Baton Rouge, Louisiana, on September 13, 2017.

                                  **ERIN WILDER-DOOMES**
                                  **UNITED STATES MAGISTRATE JUDGE**

---

[9] R. Doc. 49.
[10] R. Doc. 45-1.