# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELLEN WILLIAMSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-118-SDD-EWD** |
| **ARAMARK SCHOOLS FACILITIES, LLC ET AL.** | |

## NOTICE AND ORDER

This is a civil action involving claims for damages sustained by plaintiff, Ellen Williamson, as a result of a slip and fall that allegedly occurred on March 13, 2016 "while walking and exiting" a school building of the East Baton Rouge Parish School System.[1] The matter was removed to this Court on February 24, 2016 from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[2] The Notice of Removal alleges that this case meets the amount in controversy necessary for the Court to exercise federal subject matter jurisdiction based on the following:

> 9.
> The Petition alleges injuries and damages such that it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. The Petition asserts that Williamson is a paraprofessional who sustained "severe personal injuries," including "but not limited to" her knee and "other injuries to be proven at the trial." Plaintiff seeks damages "as are reasonable in the premises" for each of following: 1) physical pain and suffering; 2) past, present and future medical expenses; 3) past, present and future mental anguish; 4) loss of enjoyment of life; and 5) lost wages and lost earning capacity. See, Petition, ¶¶ 7, 8, Exhibit 1 hereto.

---

[1] R. Doc. 8 at ¶ 2; *See,* R. Doc. 1-1 at p. 4. Plaintiff does not provide any additional information regarding the "school building" where she allegedly fell, including its location.
[2] R. Doc. 1 at Introductory paragraph.

10.
It is facially apparent from the Petition that the amount in controversy is in excess of $75,000, exclusive of interest and costs.[3]

It is not apparent from the face of Plaintiff's Petition for Damages or the Notice of Removal that Plaintiff's claims in this matter are likely to exceed $75,000.00. Further, Plaintiff's First Supplemental and Amended Complaint, filed in this Court on April 8, 2016, contains the same allegations regarding the injuries and damages that Plaintiff allegedly sustained as a result of the slip and fall.[4]

On July 15, 2016, the parties filed a Joint Status Report, which asserts that, "This court has original subject matter jurisdiction in this matter, pursuant to 28 U.S.C. § 1332 because the viable parties are citizens of different states, and plaintiff suffered a medial meniscus tear such that injuries and related damages exceed $75,000.00 exclusive of interest and costs."[5] In the Joint Status Report, Plaintiff claims that, "As a result of the fall, Ellen Williamson sustained severe personal injuries, including but not limited to, a medial meniscus tear, injuries to her knee, and other injuries to be proven at the trial of this matter."[6] The Joint Status Report also contains a request for damages that is identical to the damages sought by Plaintiff in the original Petition and in Plaintiff's First Supplemental and Amended Complaint.[7]

While Plaintiff does seek several items of damages, there is no indication of the amount in controversy related to her alleged damages.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in

---

[3] R. Doc. 1 at ¶¶ 9-10.
[4] R. Doc. 8 at ¶¶ 7-8.
[5] R. Doc. 24 at p. 1.
[6] R. Doc. 24 at p. 3.
[7] *Id*.

controversy requirement has been met. "The federal courts are courts of limited jurisdiction and are tasked with the duty to continually, and *sua sponte*, assess their jurisdiction." *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 284 (5th Cir. 2011). As such, "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Further, "Challenges to subject matter jurisdiction can be raised at any time and *sua sponte* by the court." *Harris v. United States*, 35 Fed. App'x 390 (5th Cir. 2002) (unpublished) (citing *Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996)).

Accordingly,

**IT IS ORDERED** that defendants Aramark Management Services, LP and Aramark Schools Facilities, LLC (collectively, "Defendants"), shall file a memorandum and supporting evidence concerning subject matter jurisdiction within ten (10) days of the date of this Notice and Order, and that Plaintiff shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after the filing of Defendants' memorandum. The supplemental memoranda shall be limited to ten (10) pages and shall specifically address whether there is diversity jurisdiction under 28 U.S.C. § 1332(a). Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address the Motion to Remand filed by Plaintiff.

Signed in Baton Rouge, Louisiana, on September 15, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**