# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ELLEN WILLIAMSON**                                **CIVIL ACTION**

**VERSUS**                                          **NO. 16-118-SDD-EWD**

**ARAMARK SCHOOLS
FACILITIES, LLC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 30, 2017.

*/s/ Erin Wilder-Doomes*

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ELLEN WILLIAMSON                                    CIVIL ACTION

VERSUS                                              NO. 16-118-SDD-EWD

ARAMARK SCHOOLS
FACILITIES, LLC, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand Encompassing Plaintiff's Response to the Court's Order to Show Cause (R. Doc. 52) (the "Motion to Remand"), filed by Ellen Williamson.[1] The Motion to Remand is opposed.[2] For the following reasons, the undersigned recommends[3] that the Motion to Remand be **GRANTED** and that this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

### Factual and Procedural Background

On or about January 19, 2016, Plaintiff filed a Petition for Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, against Aramark Schools Facilities, LLC ("Aramark Schools") and Bridget Jones.[4] The Petition alleges that on March 3, 2015, Plaintiff was working as a paraprofessional for the East Baton Rouge Parish School System ("EBRPSS") when she slipped and fell on a wet substance "while walking and exiting the

---

[1] R. Doc. 57.
[2] R. Doc. 61.
[3] The Fifth Circuit has held that, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). As such, a report and recommendation, rather than a ruling, is being issued relative to the instant Motion to Remand.
[4] R. Doc. 1-1.

2

school building."[5] Plaintiff alleges that Aramark Schools was contracted to provide janitorial and/or custodial services for EBRPSS and that the wet substance was placed on the floor by employees of Aramark Schools, including, but not limited to, Bridget Jones.[6] Plaintiff further alleges that Aramark Schools or its employees, including, but not limited to, Bridget Jones, either knew or should have known that the foreign substance was on the floor and failed to remove it or otherwise protect students and teachers from the hazard created by the substance.[7] Thus, Plaintiff asserts her slip and fall was caused by the fault or negligence of Aramark Schools and/or its employees, representatives or agents, including, but not limited to, Bridget Jones.[8] Plaintiff seeks recovery for her bodily injuries, including injuries to her knee, damages for her physical pain and suffering, medical expenses, mental anguish, loss of enjoyment of life, lost wages and lost earning capacity.[9]

On February 24, 2016, Aramark Management Services, LP ("Aramark Management") removed the matter to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[10] In the Notice of Removal, Aramark Management alleges that there is complete diversity of citizenship because Plaintiff is a Louisiana citizen, Aramark Schools is a citizen of Delaware and Pennsylvania and Aramark Management is a citizen of Delaware and Pennsylvania. Aramark Management asserts that although Bridget Jones is a Louisiana citizen, her citizenship should be disregarded because she was improperly joined to defeat diversity jurisdiction.[11] Aramark Management argues that Plaintiff has no viable claim against Jones because Aramark Management

---

[5] *Id.* at p. 4, ¶ 2.
[6] *Id.* at ¶¶ 2-3.
[7] *Id.* at ¶ 4.
[8] *Id.* at p. 5, ¶ 6.
[9] R. Doc. 1-1 at p. 5, ¶¶ 7-8.
[10] R. Doc. 1 at Introductory Paragraph. In the Notice of Removal, Aramark Management asserts that it was "erroneously named Aramark Schools Facilities, LLC" in the state court Petition. *Id.* Aramark Management was ultimately added as a Defendant in this case. *See*, R. Docs. 7 and 8.
[11] R. Doc. 1 at ¶¶ 4, 5 and 11-21.

3

has no employee named Bridget Jones. Aramark Management further asserts that to the extent Bridget Jones is an employee of Aramark Management's subcontractor, Soji Services, Inc. d/b/a Metroclean ("Metroclean"), Plaintiff has failed to show that Jones can be held personally liable for Plaintiff's injuries under *Canter v. Koehring Co.*, 283 So.3d 716 (La. 1973), *superseded on other grounds by statute*, La. R.S. 23:1032 (1998). Aramark Management also asserts that it is facially apparent from the Petition that the amount in controversy exceeds $75,000 because Plaintiff has allegedly sustained "severe personal injuries" as a result of the fall.[12]

On March 4, 2016, Plaintiff filed an Unopposed Motion and Order for Leave to File Plaintiff's First Supplemental and Amended Complaint,[13] seeking to add Aramark Management and Metroclean as defendants in this matter. The Unopposed Motion was granted on April 8, 2016,[14] and Plaintiff's First Supplemental and Amended Complaint (the "Amended Complaint") was filed into the record on the same date.[15] The Amended Complaint alleges that Aramark Schools and/or Aramark Management was contracted by EBRPSS to provide janitorial and/or custodial services and that Aramark Schools and/or Aramark Management subcontracted the custodial services to Metroclean.[16] Like the original Petition, the Amended Complaint alleges that

---

[12] On September 15, 2017, the undersigned issued a Notice and Order requiring the parties to file memoranda and evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a), specifically whether the amount in controversy exceeds $75,000 in this case. *See,* R. Doc. 51. On September 25, 2017, Aramark Management and Aramark Schools (collectively, "Aramark"), filed a Memorandum Regarding Subject Matter Jurisdiction, as ordered by the Court, asserting that the amount in controversy is met in this case because one portion of Plaintiff's claim for special damages (past medical expenses) is $74,919.35. R. Doc. 58 at pp. 2-3; *See*, R. Doc. 58-1 at p. 1. Aramark notes that Plaintiff also seeks special damages for future medical expenses, lost wages and loss of earning capacity, as well as general damages for pain and suffering and loss of enjoyment of life, which will likely exceed $100. Thus, Aramark asserts that the amount in controversy will exceed $75,000. R. Doc. 58 at p. 3. Pursuant to the September 15, 2017 Notice and Order, Plaintiff was given an opportunity to file a memorandum and supporting evidence challenging Aramark's allegations regarding amount in controversy. *See*, R. Doc. 51. Plaintiff, however, has not filed anything into the record challenging Aramark's allegation that the amount in controversy is likely to exceed $75,000 in this case. Further, the Motion to Remand does not allege that the amount in controversy is not satisfied in this case. *See*, R. Doc. 57. Aramark Management has shown by a preponderance of evidence that the amount in controversy is likely to exceed $75,000 in this case.
[13] R. Doc. 2.
[14] R. Doc. 7.
[15] R. Doc. 8.
[16] *Id.* at ¶ 3.

Plaintiff slipped on a wet substance that was placed on the floor by employees of Aramark Schools and/or Aramark Management and/or Metroclean, including, but not limited to, Bridget Jones.[17] The Amended Complaint further alleges that Aramark Schools and/or Aramark Management and/or Metroclean, "or its employee(s), including but not limited to Bridget Jones," either knew or should have known that the foreign substance was on the floor and failed to remove it or otherwise protect students and teachers from the hazard.[18] Thus, the Amended Complaint alleges that Plaintiff's accident was caused by the negligence or fault of Aramark Schools and/or Aramark Management and/or Metroclean, "and/or its employees, representatives or agents, including but not limited to, Bridget Jones . . . ."[19]

On September 15, 2017, the undersigned issued an Order to Show Cause, requiring Plaintiff to appear and show cause as to why her claims against Bridget Jones should not be dismissed pursuant to Local Civil Rule 41(b)(1)(A) or (B), since Jones had not made an appearance in the matter, no service information had been filed into the record regarding Jones and no default had been entered.[20] On September 22, 2017, Plaintiff filed the instant Motion to Remand, asserting that Jones was properly joined as a defendant in this matter and offering an explanation as to why Jones should not be dismissed for lack of service.[21] Plaintiff claims that she was unaware of the

---

[17] *Id.* at ¶ 2.
[18] *Id.* at ¶ 4.
[19] *Id.* at ¶ 6.
[20] R. Doc. 52. Local Civil Rule 41(b)(1) provides, in pertinent part, the following:

> A civil action may be dismissed by the Court for lack of prosecution as follows:
> (A) Where no service of process has been made within 120 days after filing of the complaint;
> (B) Where no responsive pleadings have been filed or no default has been entered within sixty days after service of process, except when Fed. R. Civ. P. 12(a)(3) applies or a dispositive motion is pending; . . . .

LR 41(b)(1)(A) and (B).
[21] R. Doc. 57. Review of the record shows that Bridget Jones was ultimately served on September 25, 2017. *See*, R. Doc. 60. Although not addressed by either party, this Court has previously noted that, "While a plaintiff's failure to serve a nondiverse defendant should be considered, it is rarely sufficient by itself to establish improper joinder."

relationship between Aramark Schools and Metroclean at the time of removal, or that Jones was employed by Metroclean at the time of the fall. Plaintiff asserts that after reviewing the Notice of Removal, she "took the allegations to be in good faith" and did not file a motion to remand because she believed Aramark Management's assertion that there was no viable claim against Jones. Plaintiff notes that although she named Jones as a defendant in the Amended Complaint, service of the Amended Complaint was not attempted on Jones.[22] Plaintiff claims that she first realized she had a viable claim against Jones when Jones was deposed in June 2017. According to Plaintiff, Jones' testimony shows that, "Bridget Jones knew that the foreign matter was on the floor and failed to remove it or otherwise protect the students and teachers, like Ellen Williamson, from the hazard created by the slippery substance."[23] As such, Plaintiff contends that the Court should either find that she has stated a viable claim against Jones or that Aramark Management has failed to satisfy its burden to showing Jones was improperly joined.

In opposition, Aramark Schools, Aramark Management and Metroclean (collectively, "Defendants") assert that Jones has not alleged facts to show that Jones can be held personally liable for Plaintiff's injuries under *Canter v. Koehring Co.*, 283 So.3d 716 (La. 1973).[24] Specifically, Defendants claim Plaintiff has not alleged (1) that Jones had a personal duty to

---

*Haynes v. Healthcare Services Group, Inc.*, Civ. A. No. 13-649-JJB-RLB, 2014 WL 2769080, at *1 n. 1 (M.D. La. May 30, 2014), *report and recommendation adopted*, 2014 WL 2768814 (M.D. La. June 18, 2014) citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (finding improper joinder where complaint was insufficient to state a claim because it only mentioned non-diverse defendant "once in passing" and failed "to state any specific actionable conduct on her part whatsoever," and further noting that plaintiff did not attempt to serve non-diverse defendant); *Berggreen v. Sallie Mae, Inc.*, Civ. A. No. 07-467, 2008 WL 2038910, at *3 (M.D. La. May 12, 2008) (finding improper joinder where plaintiffs failed to state a claim against non-diverse defendant and had still not served defendant over a year after filing suit without explanation)). Unlike in *Haynes* and *Berggreen,* however, Defendants have not alleged Plaintiff's failure to serve Jones as a basis for improper joinder. *See*, *Haynes,* 2014 WL 2769080, at *1; *Berggreen*, 2008 WL 2038910, at *2. Further, unlike in *Haynes, Griggs* and *Berggreen*, where the non-diverse defendant was never served, Jones has been served with the Amended Complaint. *See*, R. Doc. 60. Thus, because Plaintiff has stated a viable claim against Jones, Plaintiff's failure to timely serve Jones under Fed. R. Civ. P. 4(m) alone is insufficient to find improper joinder. *See*, *Haynes*, 2014 WL 2769080, at *1 n. 1.
[22] *Id.* at ¶ 9.
[23] *Id.* at ¶ 11.
[24] R. Doc. 61.

maintain the floors in a reasonably safe condition; (2) that Metroclean delegated such duty to Jones as opposed to any other of the Defendants' employees; or (3) how Jones personally breached that duty. Defendants argue that Jones' deposition testimony contradicts Plaintiff's allegation that Jones knew there was a foreign substance on the floor and failed to remove it because Jones testified that when she noticed water on the floor she mopped it up, placed a "wet floor" sign in the hallway where the water had been and she stood nearby and warned passersby to be careful.[25] Defendants point out that Jones testified that she specifically warned Plaintiff to be careful immediately before Plaintiff fell, but that Plaintiff "just kept coming down the hallway" after acknowledging Jones' warning.[26]

## Applicable Law and Analysis

### A. Improper Joinder

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia*

---

[25] R. Doc. 61 at p. 4 (*citing* R. Doc. 57-2 at p. 14).
[26] R. Doc. 61 at p. 4 (*citing* R. Doc. 57-2 at p. 33).

*v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c).

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). To meet its burden, the removing party must show (1) an actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id*. at 646-47. Here, the first method of proving improper joinder is not at issue because Defendants have not alleged actual fraud in the Petition. Defendants instead argue that Plaintiff will be unable to establish a cause of action against Bridget Jones under Louisiana law because Plaintiff has failed to allege facts to establish that Jones can be held personally liable for Plaintiff's injuries under *Canter v. Koehring Co.*, 283 So.3d 716 (La. 1973). As such, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573-74 (5th Cir. 2004).

The Fifth Circuit has explained that to determine whether a plaintiff has a reasonable basis of recovery under state law, a court can resolve the issue in one of two ways. *Smallwood*, 385 F.3d at 573. "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. (citations omitted). However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may

"pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id*. (citation omitted). Although the decision regarding the procedure necessary in a given case lies within the discretion of the district court, the Fifth Circuit has cautioned that, "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573-74. The Fifth Circuit further advised that, "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id*. at 574.

1. **The Arguments of the Parties**

In the Notice of Removal, Defendants argue that Jones was improperly joined as a defendant because Plaintiff has no possible cause of action against Jones under Louisiana law. As Defendants point out, courts in Louisiana hold an individual employee liable to a third party only upon proof that: (1) the employer owed a duty of care to the third person, breach of which caused the damage for which recovery is sought; (2) that duty was delegated by the employer to the defendant; (3) the defendant employee breached his duty through personal (not technical or vicarious) fault; and (4) the employee had a personal duty toward the injured third party, the breach of which specifically caused the third party's damages. *Canter v. Koehring Co.*, 283 So.3d 716, 720-21 (La. 1973). Defendants assert that Plaintiff has failed to allege facts to satisfy any of the *Canter* criteria. Defendants also assert that Plaintiff has not alleged that Jones personally caused or had personal knowledge of the alleged defective condition of the floor.[27]

Plaintiff asserts that she has a viable claim against Jones based upon Jones' June 26, 2017 deposition testimony. According to Plaintiff, the testimony shows that Jones knew there was a

---
[27] R. Doc. 1 at ¶ 20.

foreign substance on the floor and failed to remove it or warn students and teachers of the hazard created by the slippery substance. Plaintiff also argues that she has a viable claim against Jones because the Amended Complaint alleges that Metroclean and Jones were delegated the duty of providing janitorial and/or custodial services for EBRPSS, which included maintaining the floors in a safe and reasonable manner.[28] Plaintiff further asserts that the Amended Complaint alleges facts to show Jones breached her duty to the Plaintiff in the following ways:

> a) failing to maintain the floor in a reasonable and safe condition;
> b) failing to take reasonable precautions to prevent reasonably foreseeable accidents in the area of the school where the fall occurred;
> c) failing to have reasonable safety and inspection procedures designed to prevent slip or trip and fall accidents, like the one in the instant case;
> d) failing to properly clean and maintain the floors in the area of the school where the fall occurred;
> e) failing to remove the foreign substance from the floor;
> f) causing a foreign substance to be on the floor;
> g) allowing the substance or materials to remain on the floor for an unreasonable length of time when it [sic] had actual or constructive notice of the fact that the substance was on the floor;
> i) failing to warn petitioner of the existence and dangers of the substance or material on the floor; and
> k) other acts of fault and/or negligence that will be shown at the trial of this matter.[29]

Plaintiff asserts that the foregoing list is the set of duties that were personally delegated to Jones and the manner in which Jones breached those duties. According to Plaintiff, "This constitutes sufficient factual allegations under Louisiana law to give defendants, including Bridget Jones, notice of the claims against them and it squarely meets the *Canter* requirements."[30] In response, Defendants assert there are no allegations that the foregoing "facts" were the personal duties of Jones or how these alleged duties were delegated to Jones, nor are there any allegations

---

[28] R. Doc. 57-1 at p. 10.
[29] *Id.* at pp. 10-11 (*quoting* R. Doc. 8).
[30] R. Doc. 57-1 at p. 11.

of whether, or how, Jones personally breached any of these alleged duties.[31] Defendants contend, "This listing of 'facts' is nothing more than a laundry listing of generic allegations against any of the 'employees, representatives, or agents' of the three defendant business entities."[32]

## 2. Defendants Have Not Met Their Heavy Burden of Proving Bridget Jones Was Improperly Joined

This Court has previously explained that in the employee-defendant context, improper joinder is typically found when a plaintiff seeks to impose liability on a non-diverse employee for breaches of his or her general administrative duties. *Haynes v. Healthcare Services Group, Inc.*, Civ. A. No. 13-649-JJB-RLB, 2014 WL 2769080, at *3 (M.D. La. May 30, 2014) (citing authority). However, unlike the typical case involving alleged improper joinder of a store manager, Plaintiff alleges that Bridget Jones had a direct role in the underlying accident. *See*, *Randolph v. Wyatt*, Civ. A. No. 09-2020, 2010 WL 569753, at *5 (W.D. La. Feb. 11, 2010). In the original Petition for Damages, Plaintiff alleges that she "slipped and fell on a wet substance or some other material or substance that was placed on the floor by employees of Aramark Schools Facilities, LLC, including but not limited to Bridget Jones."[33] Plaintiff also alleges that, "Aramark Schools Facilities, LLC was contracted by the East Baton Rouge Parish School System for the purpose of providing janitorial and/or custodial services for the East Baton Rouse Parish School System."[34] The Petition further alleges that, "Aramark Schools Facilities, LLC, or its employee(s), including but not limited to Bridget Jones, either knew or should have known, that the foreign matter was on the floor and it [sic] failed to remove it or otherwise protect the students and teachers, like Ellen Williamson, from the hazard created by the slippery substance."[35]

---

[31] R. Doc. 61 at p. 3.
[32] *Id.*
[33] R. Doc. 1-1 at p. 4, ¶ 2.
[34] *Id.* at ¶ 3.
[35] *Id.* at ¶ 4.

11

Plaintiff's Amended Complaint contains substantially similar allegations, asserting that Plaintiff slipped and fell on a wet substance "that was placed on the floor by employees of Aramark Schools Facilities, LLC and/or Aramark Management Services, LP and/or Soji Services, Inc., including but not limited to Bridget Jones."[36] The Amended Complaint also alleges that, "Aramark Schools Facilities, LLC and/or Aramark Management Services, LP, was contracted by the East Baton Rouge Parish School System for the purpose of providing janitorial and/or custodial services for the East Baton Rouse Parish School System," and that "Aramark Schools Facilities, LLC and/or Aramark Management Services, LP, subcontracted custodial services for the East Baton Rouge School System to Soji Services, Inc. d/b/a Metroclean."[37] The Amended Complaint further alleges that, "Aramark Schools Facilities, LLC and/or Aramark Management Services, LP, and/or Soji Services, Inc. d/b/a Metroclean, or its employee(s), including but not limited to Bridget Jones, either knew or should have known, that the foreign matter was on the floor and it [sic] failed to remove it or otherwise protect the students and teachers . . . ."[38] Thus, in both pleadings, Plaintiff alleges that employees of Aramark Schools, Aramark Management, and/or Metroclean, including Bridget Jones, were personally responsible for creating the dangerous condition of the floor and they failed to remove the hazard.

This Court has previously held that, "Under Louisiana law, an employee's personal involvement in causing the alleged injury or the employee's knowledge of the dangers present could give rise to the personal duty contemplated by *Canter*." *Haynes v. Healthcare Services Group, Inc.*, Civ. A. No. 13-649-JJB-RLB, 2014 WL 2769080, at *3 (M.D. La. May 30, 2014) (quoting *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994)) (internal quotation marks omitted);

---

[36] R. Doc. 8 at ¶ 2.
[37] *Id.* at ¶ 3
[38] R. Doc. 8 at ¶¶ 2, 4.

*see also, Randolph v. Wyatt*, Civ. A. No. 09-2020, 2010 WL 569753, at *5 (W.D. La. Feb. 11, 2010) (plaintiff stated a claim against store manager by alleging manager was personally involved in injury and had personal knowledge of the unsafe condition of the floor). Thus, even if Bridget Jones had only general administrative duties, she could still be liable for Plaintiff's injuries if she created or had personal knowledge of the danger and failed to cure the risk of harm. *Haynes*, 2014 WL 2769080, at *3 (finding plaintiff stated a cause of action against non-diverse employee where plaintiff alleged that the employee created the dangerous situation, had personal knowledge of it, but failed to remedy it); *See*, *Ford*, 32 F.3d at 936 (noting that an employee's knowledge of a risk of harm and failure to respond to the risk could create personal liability under *Canter*); *Hayden v. Phillips Petroleum Co.*, 788 F. Supp. 285, 287 (E.D. La. 1992) (finding an employee's alleged personal knowledge of a dangerous pipeline could give rise to personal duty under *Canter*); *Creppel v. Apache Corp.*, Civ. A. No. 04-865, 2004 WL 1920932, at *4 (E.D. La. Aug. 25, 2004) (plaintiffs stated a cause of action against non-diverse employee where plaintiffs alleged that the employee had personal knowledge of a dangerous well and failed to remedy the danger); *George-McGee v. Wal-Mart Stores, Inc.*, Civ. A. No. 90-2788, 1991 WL 2701, at *2 (E.D. La. Jan. 9, 1991) (allegation that employee was "operating the steel dolly which allegedly struck the plaintiff from behind" was sufficient to state a claim under *Canter*).

Here, Plaintiff has repeatedly alleged that Bridget Jones (and possibly other employees of the Defendants) created and had personal knowledge of the hazardous condition that led to Plaintiff's slip and fall. Because Plaintiff alleges that Jones had a direct role in the underlying incident, Plaintiff's allegations satisfy the *Canter* criteria. *See, Randolph*, 2010 WL 569753, at *5; *See also, Haynes*, 2014 WL 2769080, at *4 ("Because Plaintiffs allege that Mr. Cross was personally at fault, the Court finds that they have stated a 'reasonably arguable' claim against Mr.

Cross."). Once Plaintiff has stated a claim against the non-diverse defendant, the Defendants "must come forward with evidence to negate a possibility of liability against the non-diverse defendant." *Randolph*, 2010 WL 569753, at *5 (citing *Travis v. Irby*, 326 F.3d 644, 650-51 (5th Cir. 2003)); *See*, *Haynes*, 2014 WL 2769080, at *4 (quoting *Randolph*, *supra*). Defendants have not done so. Instead, Defendants argue that the transcript from Bridget Jones' June 26, 2016 deposition, submitted with Plaintiff's Motion to Remand, contradicts Plaintiff's assertion that Jones knew there was a foreign substance on the floor and failed to remove it.[39]

Rather than negate the possibility of liability on the part of Jones, the deposition testimony actually bolsters Plaintiff's position that she has stated a cause of action against Jones. As both parties point out, when Jones was asked to "describe . . . in your own words what happened in terms of the incident involving Ellen Williamson," Jones stated the following:

> A. I was cleaning the bathroom, and the machine that I was using, which is called a Kaivac, started leaking water, and I mopped the water up and went and got a 'Wet Floor' sign and sit [sic] it out there in the hallway. And I was standing in the doorway of the bathroom when she came down the hallway, and I told her to be careful because the floor was still a little – a little film of water on the floor, and she came on down the hallway and slipped.[40]

Jones further explained that after she mopped up the water, "There was still a film of water left on the floor," so she, "got the 'Wet Floor' sign and put it out."[41] Thus, Jones' deposition testimony clearly supports Plaintiff's assertion that Jones created (and therefore had personal knowledge of) the allegedly hazardous condition that led to Plaintiff's fall.

---

[39] R. Doc. 61 at p. 4.
[40] R. Doc. 57-2 at p. 14, lines 11-23; *See*, R. Doc. 57 at p. 12; R. Doc. 61 at p. 4.
[41] R. Doc. 57-2 at p. 14 at p. 27, lines 13-19.

14

To the extent Defendants assert that Jones' deposition testimony shows that she did not breach any duty owed to Plaintiff,[42] the Fifth Circuit has explained that, "Although a court may pierce the pleadings and consider summary-judgment type evidence, the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016) (citing *Travis v. Irby*, 326 F.3d 644, 650 n. 3 (5th Cir. 2003)). The Fifth Circuit in *Davidson* further explained that:

> The examples of improper joinder based on "discrete and undisputed facts" outside the pleadings that *Smallwood* provides are consistent with this language requiring a defendant to "preclude" the possibility of recovery: evidence showing that "the in-state doctor defendant did not treat the plaintiff," that "the in-state pharmacist defendant did not fill a prescription for the plaintiff patient," that "a party's residence was not as alleged, or any other fact that easily can be *disproved* if not true."

819 F.3d at 766-67 (citing *Smallwood*, 385 F.3d at 573-74 & n. 12) (emphasis added in *Davidson*).

Defendants assert that Jones testified in her deposition that, "she noticed water on the floor, mopped it up, and placed a 'wet floor' sign in the hallway where the water had been."[43] Plaintiff maintains that the deposition testimony shows that Jones "knew that the foreign matter was on the floor and failed to remove it or otherwise protect the students and teachers, like Ellen Williamson, from the hazard created by the slippery substance."[44] The Fifth Circuit has held that, "'Whether a defendant has *breached* a duty is a question of fact.'" *Bursztajn v. United States*, 367 F.3d 485, 489 (5th Cir. 2004) (quoting *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 2001-2217, p. 11 (La. 4/3/02), 816 So.2d 270, 278) (emphasis added). Because the parties dispute whether

---

[42] *See*, R. Doc. 61 at p. 4 ("The idea that Bridget Jones committed an act of personal neglect of a delegated duty is simply not borne out by the testimony before the Court.").
[43] R. Doc. 61 at p. 4.
[44] R. Doc. 57 at ¶ 11.

Jones has breached a duty allegedly owed to the Plaintiff, factual issues remain regarding whether Jones' actions, as described during her deposition, were a substantial factor in Plaintiff's fall and, if so, whether and to what extent Jones should be held at fault for the accident. The Fifth Circuit has made clear that, "'any contested issues of facts and any ambiguities of state law must be resolved' in favor of remand." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). In addition, the Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction . . . ." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Resolution of the factual issues regarding whether Bridget Jones breached a duty allegedly owed to the Plaintiff for the purpose of determining jurisdiction would entail the detailed inquiry cautioned against by the Fifth Circuit. *See, Higginbotham v. Donald*, Civ. A. No. 13-646-SDD-RLB, 2014 WL 1922773, at *4 (M.D. La. May 14, 2014) (footnote omitted).

Because Plaintiff has stated a negligence claim against Bridget Jones and Defendants have not come forward with evidence to negate the possibility of liability against Jones, Defendants have not met their heavy burden of proving that Jones was improperly joined as a defendant. *See, Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573 (5th Cir. 2004). Further, the Fifth Circuit has held that the removal statute, 28 U.S.C. § 1441, must be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007). As there is no dispute that Plaintiff and Bridget Jones are both Louisiana citizens for purposes of diversity jurisdiction and Defendants have not shown that Jones was improperly joined as a defendant such that Jones' citizenship should be disregarded, Defendants have failed to show that this Court has subject matter jurisdiction over this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

**Conclusion**

Based on the foregoing, Defendants have not met their heavy burden of proving that Bridget Jones was improperly joined as a defendant in this matter to divest this Court of diversity jurisdiction under 28 U.S.C. § 1332. It is undisputed that Plaintiff and Bridget Jones are both Louisiana citizens for purposes of diversity. Thus, Defendants have not shown that the Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) and Defendants have not alleged that this Court has subject matter jurisdiction based upon federal question under 28 U.S.C. § 1331.

**RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the Motion to Remand Encompassing Plaintiff's Response to the Court's Order to Show Cause (R. Doc. 52)[45] should be **GRANTED** and that this matter should be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).[46]

Signed in Baton Rouge, Louisiana, on October 30, 2017.

                                      **ERIN WILDER-DOOMES**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[45] R. Doc. 57.
[46] Also pending before the Court is a Motion for Leave to File Complaint of Intervention ("Motion to Intervene"), filed by East Baton Rouge Parish School Board. *See,* R. Doc. 45. If this Report and Recommendation is adopted and this matter is remanded, no determination is needed on the Motion to Intervene.